UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| BILLIE DRUMMONDS, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 4:17-cv-00058-SGC |
| SOCIAL SECURITY ADMINISTRATION, Commissioner, | ) |
| Defendant. | ) |

# MEMORANDUM OPINION[1]

The plaintiff, Billie Drummonds, appeals from the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Drummonds timely pursued and exhausted his administrative remedies, and the Commissioner's decision is ripe for review pursuant to 42 U.S.C §§ 405(g) and 1383(c)(3). For the reasons discussed below, the Commissioner's decision is due to be affirmed.

## I. Procedural History

Drummonds has a high school degree and completed three years of college. (Tr. at 54). She has previously worked as an accountant, a controller, and a

---

[1] The parties have consented to the exercise of full dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 8).

1

cashier. (*Id.* at 54-57). In her applications for DIB and SSI, Drummonds alleged she became disabled on August 20, 2013 (*id.* at 282, 288), as a result of spondylosis and a pinched nerve in her lumbar spine (*id.* at 345, 374). After her claims were denied, Drummonds requested a hearing before an administrative law judge ("ALJ"). (*Id.* at 181). Following a hearing (*id.* at 50-72), the ALJ denied Drummonds' claims. (*Id.* at 129-46). The Appeals Council remanded to the ALJ for further consideration of Drummonds' residual functional capacity. (*Id.* at 151-54).

The ALJ held a new hearing (*id.* at 73-99), following which he again denied Drummonds' claims (*id.* at 17-42). Drummonds was forty-seven years old when the ALJ issued his second decision. (*Id.* at 42, 282). After the Appeals Council declined to review the ALJ's second decision (*id.* at 1-3), that decision became the final decision of the Commissioner, *see Frye v. Massanari*, 209 F. Supp. 2d 1246, 1251 (N.D. Ala. 2001) (citing *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998)). Thereafter, Drummonds initiated this action. (Doc. 1).

## II. Statutory and Regulatory Framework

To establish her eligibility for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not

less than twelve months." 42 U.S.C. §§ 416(i)(1)(A), 423(d)(1)(A); *see also id.* at § 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). Furthermore, a DIB claimant must show she was disabled between her alleged initial onset date and her date last insured. *Mason v. Comm'r of Soc. Sec.*, 430 F. App'x 830, 831 (11th Cir. 2011) (citing *Moore v. Barnhart*, 405 F.3d 1209, 1211 (11th Cir. 2005); *Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979)). The Social Security Administration employs a five-step sequential analysis to determine an individual's eligibility for disability benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." *Id.* at §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). "Under the first step, the claimant has the burden to show that [she] is not currently engaged in substantial gainful activity." *Reynolds-Buckley v. Comm'r of Soc. Sec.*, 457 F. App'x 862, 863 (11th Cir. 2012). If the claimant is engaged in substantial gainful activity, the Commissioner will find the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i) and (b), 416.920(a)(4)(i) and (b). At the first step, the ALJ determined Drummonds met the Social Security Administration's insured status requirements through December 31, 2018, and has not engaged in substantial gainful activity since her alleged onset date of August 20, 2013. (Tr. at 21).

If the claimant is not engaged in substantial gainful activity, the Commissioner must next determine whether the claimant suffers from a severe

3

physical or mental impairment or combination of impairments that has lasted or is expected to last for a continuous period of at least twelve months. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." Furthermore, it "must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms." *Id.* at §§ 404.908, 416.908; *see also* 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). An impairment is severe if it "significantly limits [the claimant's] physical or mental ability to do basic work activities . . . ." 20 C.F.R. §§ 404.1520(c), 416.920(c).[2] "[A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *see also* 20 C.F.R. §§ 404.1521(a), 416.921(a). A claimant may be found disabled based on

---

[2] Basic work activities include:

> (1) [p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) [c]apacities for seeing, hearing, and speaking; (3) [u]nderstanding, carrying out, and remembering simple instructions; (4) [u]se of judgment; (5) [r]esponding appropriately to supervision, co-workers and usual work situations; and (6) [d]ealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521(b), 416.921(b).

4

a combination of impairments, even though none of the individual impairments alone is disabling. 20 C.F.R. §§ 404.1523, 416.923. The claimant bears the burden of providing medical evidence demonstrating an impairment and its severity. *Id.* at §§ 404.1512(a) and (c), 416.912(a) and (c). If the claimant does not have a severe impairment or combination of impairments, the Commissioner will find the claimant is not disabled. *Id.* at §§ 404.1520(a)(4)(ii) and (c), 416.920(a)(4)(ii) and (c). At the second step, the ALJ determined Drummonds has the following severe impairments: multilevel spondylosis of the cervical and lumbar spine, morbid obesity, and sciatica. (Tr. at 21).

If the claimant has a severe impairment or combination of impairments, the Commissioner must then determine whether the impairment meets or equals one of the "Listings" found in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); *see also id.* at §§ 404.1525-26, 416.925-26. The claimant bears the burden of proving her impairment meets or equals one of the Listings. *Reynolds-Buckley*, 457 F. App'x at 863. If the claimant's impairment meets or equals one of the Listings, the Commissioner will find the claimant is disabled. 20 C.F.R §§ 404.1520(a)(4)(iii) and (d), 416.920(a)(4)(iii) and (d). At the third step, the ALJ determined Drummonds does not have an impairment or combination of impairments that meets or medically equals the severity of one of the Listings. (Tr. at 23-25).

If the claimant's impairment does not meet or equal one of the Listings, the Commissioner must determine the claimant's residual functional capacity ("RFC") before proceeding to the fourth step. *Id.* at §§ 404.1520(e), 416.920(e); *see also id.* at §§ 404.1545, 416.945. A claimant's RFC is the most she can do despite her impairments. *See id.* §§ 404.1545(a)(1), 416.945(a)(1). At the fourth step, the Commissioner will compare his assessment of the claimant's RFC with the physical and mental demands of the claimant's past relevant work. *Id.* at §§ 404.1520(a)(4)(iv) and (e), 404.1560(b), 416.920(a)(4)(iv) and (e), 416.960(b). "Past relevant work is work that [the claimant] [has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." *Id.* §§ 404.1560(b)(1), 416.960(b)(1). The claimant bears the burden of proving her impairment prevents her from performing her past relevant work. *Reynolds-Buckley*, 457 F. App'x at 863. If the claimant is capable of performing her past relevant work, the Commissioner will find the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1560(b)(3), 416.920(a)(4)(iv), 416.960(b)(3). Before proceeding to the fourth step, the ALJ determined Drummonds has the RFC to perform a limited range[3] of light work.[4] (Tr. at 25-

---

[3] The ALJ determined Drummonds can sit at least two hours without interruption and a total of six hours over the course of an eight-hour work day; can stand and/or walk at least one hour without interruption and a total of at least two hours over the course of an eight-hour work day; can frequently use her upper extremities to reach overhead; can frequently use her lower extremities for pushing, pulling, and operating foot controls; cannot climb ladders, ropes, poles, or scaffolds; can occasionally climb ramps and stairs; can occasionally balance, stoop, kneel, and

6

38). At the fourth step, the ALJ determined Drummonds is able to perform her past relevant work as an accountant, a controller, and a cashier. (*Id.* at 38-40). Nonetheless,[5] the ALJ proceeded to the fifth step and additionally determined there are jobs that exist in significant numbers in the national economy, such as those of electronics worker, storage facility rental clerk, office helper, production assembler, and wire worker, Drummonds can perform given her age, education, work experience, and RFC. (*Id.* at 40-41). Based on his determinations at steps four and five of the sequential evaluation, the ALJ concluded Drummonds is not disabled. (*Id.* at 41).

### III. Standard of Review

Review of the Commissioner's decision is limited to a determination of

---

crouch; cannot crawl; can occasionally work in humidity, wetness, and extreme temperatures; can occasionally work in environments where dust, gases, odors, and fumes are present; cannot work in poorly ventilated areas; cannot work at unprotected heights; cannot work with hazardous operating machinery; can occasionally operate motorized vehicles; and can use the assistance of an oxygen tank occasionally. (Tr. at 25).

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b).

[5] Generally, if the claimant can perform her past relevant work, the Commissioner will determine the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv) and (f), 416.920(a)(4)(iv) and (f). If the claimant is unable to perform her past relevant work, the Commissioner must finally determine whether the claimant is capable of performing other work that exists in substantial numbers in the national economy in light of the claimant's RFC, age, education, and work experience. *Id.* at §§ 404.1520(a)(4)(v) and (g)(1), 404.1560(c)(1), 416.920(a)(4)(v) and (g)(1), 416.960(c)(1). If the claimant is capable of performing other work, the Commissioner will find the claimant is not disabled. *Id.* at §§ 404.1520(a)(4)(v) and (g)(1), 416.920(a)(4)(v) and (g)(1). If the claimant is not capable of performing other work, the Commissioner will find the claimant is disabled. *Id.*

7

whether that decision is supported by substantial evidence and whether the Commissioner applied correct legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). A district court must review the Commissioner's findings of fact with deference and may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). Rather, a district court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (internal citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.* A district court must uphold factual findings supported by substantial evidence, even if the preponderance of the evidence is against those findings. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

A district court reviews the Commissioner's legal conclusions *de novo*. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted

mandates reversal." *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991).

## IV. Discussion

On appeal, Drummonds argues (1) the ALJ failed to properly evaluate Drummonds' credibility regarding her complaints of pain, (2) the ALJ erred in finding Drummonds' mental impairments non-severe, and (3) the ALJ failed to articulate good cause for assigning little weight to the opinions of Dr. Brian Flanagan expressed in a pulmonary residual functional capacity questionnaire he completed for Drummonds on April 8, 2014. (Doc. 13 at 5-13).

### A. Credibility Determination

Drummonds testified she has lower back pain daily and this pain prevents her from working. (Tr. at 58, 84-85). When a claimant attempts to establish disability through her own testimony of pain or other subjective symptoms, the pain standard articulated by the Eleventh Circuit in *Holt v. Sullivan*, 921 F.2d 1221 (11th Cir. 1991), applies. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005); *see also* SSR 96-7p.

> The pain standard requires "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."

*Dyer*, 395 F.3d at 1210 (quoting *Holt*, 921 F.2d at 1223); *see also* SSR 96-7p.

Provided the *Holt* pain standard is met, an ALJ considers a claimant's testimony of pain or other subjective symptoms. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *see also* SSR 96-7p.

An ALJ is permitted to discredit a claimant's subjective testimony of pain or other symptoms if he "clearly 'articulate[s] explicit and adequate reasons'" for doing so. *Dyer*, 395 F.3d at 1210 (quoting *Foote*, 67 F.3d at 1561-62); *see also* SSR 96-7p. "A clearly articulated credibility finding with substantial supporting evidence will not be disturbed by a reviewing court." *Foote*, 67 F.3d at 1562. In determining credibility, an ALJ may consider objective medical evidence and a claimant's reported daily activities, amongst other things. 20 C.F.R. §§ 404.1529(c), 416.929(c); *see also* SSR 96-7p.

The ALJ found Drummonds' medically determinable impairments could reasonably be expected to cause her alleged symptoms but that her statements concerning the intensity, persistence, and limiting effects of those symptoms are not entirely credible. (Tr. at 36). The ALJ articulated a number of reasons for discrediting Drummonds' testimony and other statements.

First, he noted that while Drummonds testified she began experiencing back problems in 1997, she continued to work for sixteen years, suggesting her back problems were not disabling. (*Id.* at 37). *See Ellison v. Barnhart*, 355 F.3d 1272, 1275-76 (11th Cir. 2003) (holding fact that claimant continued working for several

years in spite of seizure disorder supported ALJ's decision to discredit examining physician's opinion claimant was disabled).

Second, the ALJ noted Drummonds' musculoskeletal examinations were generally unremarkable and that Drummonds' spondylosis and sciatica were stabilized with over-the-counter pain medication. (Tr. 37). While a medical record from Lemak Sports Medicine & Orthopedics notes Drummonds reported over-the-counter pain medication treated her back pain as adequately as prescription pain medication and relieved her pain some (*id.* at 482), a medical record from Northside Medical dated July 23, 2014, documents that Drummonds reported she had been on multiple medications for her back and they were not helping (*id.* at 695). She was prescribed Norco for her pain. (*Id.* at 697). Nonetheless, Drummonds' medical records do not contain objective medical evidence that would support the conclusion her back pain is so severe as to be disabling. (*Id.* at 468, 470, 474, 483, 695, 708).

Finally, the ALJ noted that while various medical professionals had suggested Drummonds pursue injections, a nerve block, and surgery for her pain, she failed to do so. (*Id.* at 37; *see also id.* at 475, 482). *See Draughon v. Comm'r, Soc. Sec. Admin.*, 706 F. App'x 517, 520 (11th Cir. 2017) (holding conservative nature of claimant's treatment and claimant's declination of certain treatment supported ALJ's decision to discredit claimant's testimony regarding his pain).

11

In sum, the ALJ clearly articulated his reasons for discrediting Drummonds' testimony of her symptoms and their limiting effects, and that credibility determination is supported by substantial evidence.

**B. Finding of Non-Severe Mental Impairment**

Drummonds argues the ALJ erred in finding her depression, anxiety, and post-traumatic stress disorder to be non-severe. (Doc. 13 at 7-8). First, even if the ALJ did err in this regard, the error was harmless.

> The specific impairments listed in the step two finding do not affect the outcome of the case. This is because the Commissioner is obligated to continue with the remaining steps in the sequential evaluation process after finding at least one severe impairment. Thus, the Commissioner's designation of a claimant's other impairments as "severe" or "non-severe" is of little consequence since all of these impairments must be considered in combination [at step three] and in the RFC determination.

*Law v. Colvin*, 2014 WL 4681188, at *4 (N.D. Ala. Sept. 19, 2014) (citing *Heathy v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 824-25 (11th Cir. 2010)). It is clear the ALJ considered Drummonds' depression, anxiety, and post-traumatic stress disorder at step three in assessing Drummonds' RFC. (Tr. at 26, 29, 34, 37-38).

Second, the record supports the ALJ's determination Drummonds' mental impairments are non-severe. Although Dr. Flanagan noted in April and June 2014 that Drummonds was significantly anxious and depressed (*id.* at 666-67, 669), he also noted this was related to a prolonged hospitalization and reassured her that anxiety after such an event was very common (*id.* at 670). Drummonds was

prescribed Cymbalta and Klonopin to treat her depression, anxiety, and post-traumatic stress disorder and began seeing a therapist. (*Id.* at 726-737). The ALJ noted this was conservative treatment. (*Id.* at 38).

**C. Weight Assigned to Dr. Flanagan's Opinions**

Dr. Flanagan treated Drummonds for respiratory problems. On April 8, 2014, he completed a pulmonary residual functional capacity questionnaire opining Drummonds' symptoms are severe enough to interfere with her attention and concentration constantly, Drummonds is incapable of even "low stress" jobs, and Drummonds is unlikely to improve. (*Id.* at 661-664). He further opined regarding specific physical functional limitations. (*Id.*). The ALJ assigned little weight to these opinions. (*Id.* at 32).

"Absent 'good cause,' an AJL is to give the medical opinions of treating physicians 'substantial or considerable weight.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)) (citing 20 C.F.R. §§ 404.1527(d)(1)-(2), 416.927(d)(1)-(2)). "Good cause exists 'when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'" *Winschel*, 631 F.3d at 1179 (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004)). "With good cause, an ALJ may disregard a treating

13

physician's opinion, but he 'must clearly articulate [the] reasons' for doing so." *Winschel*, 631 F.3d at 1179 (quoting *Phillips*, 357 F.3d at 1240-41).

Here, the ALJ assigned little weight to the opinions Dr. Flanagan expressed in the April 8, 2014 pulmonary residual functional capacity questionnaire because the ALJ found those opinions were based on subjective complaints that were temporary and not chronic in nature and were not consistent with the objective medical evidence. (Tr. at 33-34). On June 16, 2014, Dr. Flanagan noted Drummonds seemed to be doing well, that she was significantly better than on discharge from her hospitalization for a respiratory ailment and continued to slowly improve, and that her possible interstitial lung disease seemed to be in remission. (*Id.* at 669-70). He instructed Drummonds to follow-up with him in four months (id. at 670), which the ALJ found to suggest Drummonds' respiratory condition was well controlled (*id.* at 34). Accordingly, the ALJ articulated good cause for assigning little weight to the opinions Dr. Flanagan expressed in the April 8, 2014 pulmonary residual functional capacity questionnaire, and that articulation is supported by substantial evidence.

## V. <u>Conclusion</u>

Having reviewed the administrative record and considered all of the arguments presented by the parties, the undersigned find the Commissioner's decision is supported by substantial evidence and in accordance with applicable

14

law.  Therefore, that decision is due to be **AFFIRMED**.  A separate order will be entered.

**DONE** this 28th day of September, 2018.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE